IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

Pendleton Division

TONY FRENCH,

        Plaintiff,

        v.

SNAKE RIVER CORRECTIONAL
INSTITUTION, C. O. SILVA, C. O.
RODRIGUEZ, C. O. DAYTON, et al.,

        Defendants

2:12-CV-00673-JO

OPINION AND ORDER

JONES, District Judge:

    Plaintiff Tony French, acting pro se, sued the Snake River Correctional Institution ("SRCI") and six individual employees of the Oregon Department of Corrections ("ODOC") alleging that they violated his rights under the U. S. Constitution and state common law. This is one of approximately 30 federal actions French has commenced against the ODOC and its employees. French brought this action under 42 U.S.C. § 1983 and seeks as damages law books and book and magazine subscriptions. All defendants move for summary judgment (# 60). The court has jurisdiction over French's federal claims under 28 U.S.C. § 1331. For the following reasons, the defendants' motion is granted and French's claims are dismissed.

-1-    OPINION AND ORDER

## LEGAL STANDARDS

The district court should grant summary judgment if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). If the moving party shows that there are no genuine issues of material fact, the non-moving party must go beyond the pleadings and designate facts showing an issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). A scintilla of evidence, or evidence that is merely colorable or not significantly probative, does not present a genuine issue of material fact. *United Steelworkers of America v. Phelps Dodge*, 865 F.2d 1539, 1542 (9th Cir. 1989). Reasonable doubts as to the existence of a material factual issue are resolved against the moving party and inferences drawn from facts are viewed in the light most favorable to the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654 (1962); *T.W. Elec. Serv. v. Pac. Elec. Contractors*, 809 F.2d 626, 630-31 (9th Cir. 1987).

## BACKGROUND

At all times relevant to his present complaint, French was incarcerated at SRCI in Ontario, Oregon. The court will view the evidence in the light most favorable to French. Defendants filed four declarations in support of their motion. French did not file affidavits or other evidence to support his allegations and did not respond to the declarations filed by the defendants.

In his complaint, French alleges that, beginning December 7, 2011, defendants Silva, Rodriguez, and Dayton harassed him and subjected him to discriminatory treatment by denying him clean clothes, cleaning supplies, and other items and services afforded to other inmates. French does not allege that he exhausted his administrative remedies and the Grievance Coordinator at SRCI has no record that French filed a grievance pertaining to these allegations. Taylor Decl. 7.

French alleges that on December 14, 2011, Silva and Rodriguez were escorting Latino inmates past his cell on their way back from the recreation yard. French alleges that Silva and Rodriguez permitted the inmates to kick and bang on the door of his cell and to yell at him. French submitted an administrative Discrimination Complaint alleging that Silva and Rodriguez treated the Latino inmates preferentially and discriminated against him on the basis of his race. Silva Decl., Attach. 2; Rodriguez Decl., Attach. 2. After an investigation, SRCI Superintendent Mark Nooth determined that no evidence supported French's allegations that Silva or Rodgriguez failed to control the behavior of the Latino inmates or treated French differently from the other inmates. Decl. Washington, Ex. 2. The Superintendent's decision was upheld by the ODOC Inmate Discrimination Complaint Review Committee. Washington Decl., Ex. 4.

French alleges that on numerous occasions, Silva was hostile when delivering French's breakfast tray and tampered with French's food. French identified only one specific episode, which allegedly occurred when Silva delivered his breakfast tray on March 26, 2012. French alleges that Silva hit and slapped his hand without provocation when French tried to retrieve his milk from the cuff port of his cell door. French submitted two grievance forms pertaining to these allegations. In one, French alleged that Silva had assaulted him. Taylor Decl., Attach. 5. In the other, French alleged that he informed Dayton of the assault and food tampering by Silva, but Dayton ignored him. Taylor Decl., Attach. 4. The SRCI Grievance Coordinator rejected these grievances because they were not completed properly in compliance with the ODOC Grievance Review System rules. The Grievance Coordinator returned the grievance forms to French with instructions for complying with the rules. Taylor Decl. 5. French did not resubmit grievance forms pertaining to these allegations. Taylor Decl. 7.

-3-    OPINION AND ORDER

French alleges that Silva, Rodriguez and Dayton permitted Latino inmates to shout in a disturbing manner while doing a daily work-out routine from 1 to 2 p.m., interfering with other inmates engaged in reading, writing, and meditating. The Grievance Coordinator's records do not reflect that French filed a grievance form pertaining to these allegations. Taylor Decl. 7.

French alleges that defendants were deliberately indifferent to his complaints about the actions and omissions of Silva, Rodriguez, and Dayton. French alleges that he informed Dayton that Silva and Rodriguez were denying him clean clothes and cleaning supplies, and that Silva was hostile and tampered with his food, but Dayton ignored him. French alleges that Silva and Rodriguez retaliated for his complaints by spreading rumors to Latino inmates suggesting that French was a "snitch" and a "rat" and offering rewards to the Latino inmates to attack and harass him. Other than the grievance forms described previously, the Grievance Coordinator has no record that French used the grievance procedure to address these allegation. Taylor Decl. 7.

French, who is African American, alleges that the actions and omissions of the defendants were racially motivated to discriminate against him, apparently invoking his right to equal protection under the Fourteenth Amendment. He alleges these actions and omissions amount to cruel and unusual punishment under the Eighth Amendment. He also appears to allege tort claims of assault, harassment, slander, and libel under state law.

Defendants argue that French's claims against SRCI and the individual officers in their official capacity are barred by the Eleventh Amendment; that French failed to exhaust administrative remedies with respect to most of his claims; that the evidence does not support a violation of constitutional rights; and that the individual defendants are entitled to qualified immunity.

\\\

## DISCUSSION

### I.  Eleventh Amendment

The Eleventh Amendment bars suit in federal court against a state for damages without the state's consent. *Green v. Mansour*, 474 U.S. 64, 68 (1985). This immunity extends to suits against public officers in their official capacity. *Brandon v. Holt*, 469 U.S. 464, 471–72 (1985).

French named SRCI as a defendant in the caption of his complaint. Because SRCI is an agency of the state, any claim against it is barred by the Eleventh Amendment and is dismissed with prejudice. French alleged only acts and omissions of the individual defendants that were within the scope of their employment. His common law tort claims of assault, harassment, slander, and libel are barred by the Eleventh Amendment because the Oregon Tort Claims Act provides that the State of Oregon is the only proper defendant for such claims. O.R.S. 30.265(3).

### II.  Exhaustion of Remedies

The Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under section 1983 . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

The exhaustion provision requires a prisoner to complete any prison administrative process capable of addressing his complaint. A prisoner must exhaust all available remedies; the remedies "need not meet federal standards, nor must they be 'plain, speedy, and effective.'" *Porter v. Nussle*, 534 U.S. 516, 524 (2002). An administrative remedy is sufficient if it provides some relief, even if it falls short of the remedy the plaintiff seeks. *Booth v. Churner*, 532 U.S. 731, 741 (2001). Exhaustion is a mandatory prerequisite to all inmate actions arising from prison life whether they

involve general circumstances or particular episodes and whether they allege excessive force or some other wrong. *Porter v. Nussle,* 534 US at 532.

The PLRA exhaustion requirement creates an affirmative defense. Defendants have the burden of raising and proving the absence of exhaustion. *Wyatt v. Terhune,* 315 F.3d 1108, 1119-20 (9th Cir. 2003). Here, the declarations submitted by defendants establish that French met the exhaustion requirement only with respect to the allegations from December 14, 2011, which formed the basis of his administrative Discrimination Complaint, *viz.* that Silva and Rodriguez permitted Latino inmates to kick and bang on French's cell door and to yell at him. Silva Decl., Attach. 2; Rodriguez Decl., Attach. 2; Decl. Washington, Ex. 2, Ex. 4. French asserts no basis for finding that he was prevented by any action of the defendants from pursuing the administrative grievance process with respect to his other allegations. The PLRA therefore precludes French from prosecuting an action based on any of the alleged wrongful acts and omissions of the defendants, other than those in his Discrimination Complaint.

The proper remedy for French's failure to exhaust administrative remedies is dismissal without prejudice pursuant to Fed. R. Civ. P. 12(b). *Wyatt v. Terhune,* 315 F.3d at 1120. Accordingly, all of French's claims that are based on allegations other than those involving the incidents on December 14, 2011, that formed the basis of his Discrimination Complaint, are dismissed without prejudice. French could bring these claims in the future if he is able to complete the administrative grievance review process in accordance with all applicable procedural rules, including deadlines. *Marella v. Terhune,* 568 F.3d 1024, 1027 (9th Cir. 2009).

\\\

\\\

-6-   OPINION AND ORDER

### III. Constitutional Claims

What remains of French's complaint are the claims that Silva and Rodriguez violated his rights under the Eighth and Fourteenth Amendments on December 14, 2011, by permitting inmates to kick and bang on his cell door and yell at him.

#### A. Eighth Amendment

A prison official violates the Eighth Amendment if he shows deliberate indifference to a substantial risk of serious harm to an inmate. *Farmer v. Brennan*, 511 U.S. 825, 828 (1994). Liability may follow only if a prison official "knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer*, 511 U.S. at 847.

Silva said that on December 14, 2011, he and Rodriguez escorted inmates past French's cell. While escorting a Latino inmate past the door to French's cell, the inmate they were escorting said something to French. French became upset and began to yell that he wanted to see a supervisor. Silva ordered the inmate they were escorting to stop agitating French. The inmate complied and did not say anything further to French. Silva said that he did not allow any inmate to kick or bang on the door to French's cell. Silva Decl. 2-3.

Rodriguez corroborated Silva's account of these events. She said that the inmate they were escorting yelled something at French as they passed French's cell. French responded by yelling. Silva then ordered the inmate not to yell back at French and the inmate complied. Rodriguez said they did not allow an inmate to bang on or kick French's cell. Rodriguez Decl. 2-3.

French did not submit evidence to rebut these declarations. I find French's bare allegations insufficient to raise a question of fact regarding the events that transpired. In any event, even if

accepted as true, French's allegations do not support a violation of the Eighth Amendment. General intimidation, harassment, and nonspecific threats do not establish a constitutionally intolerable risk of harm. *Gaut v. Sunn*, 810 F.2d 923, 925 (9th Cir. 1987). The declarations establish that Silva and Rodriguez responded reasonably to control the behavior of the inmates they escorted. French fails to present any evidence from which a finding of deliberate indifference could be made. Accordingly, defendants are entitled to summary judgment on French's Eighth Amendment claim.

### B.  Fourteenth Amendment Claim

To establish an equal protection claim, a prisoner must show that he is treated differently from similarly situated inmates and that prison officials acted intentionally with a discriminatory purpose based on his membership in a protected class such as race. *Serrano v. Francis*, 345 F.3d 1071, 1082 (9th Cir. 2003); *Freeman v. Arpaio*, 125 F.3d 732, 737 (9th Cir. 1997).

French alleges that Silva and Rogriguez and the inmates they permitted to harass him are of Hispanic ethnicity and that he is African-American. French does not produce any evidence that the defendant officers treated him differently from other inmates, that they intentionally permitted other inmates to harass him, or that they had a discriminatory purpose based on his race or their ethnicity. No reasonable trier of fact could find by a preponderance of the evidence that Silva or Rodriguez acted, or failed to control the actions of other inmates, intentionally with racial motivation. Accordingly, defendants are entitled to summary judgment on French's equal protection claim. *Serrano*, 345 F.3d at 1082; *Keyser v. Sacramento City Unified Sch. Dist.*, 265 F.3d 741, 754 (9th Cir. 2001).

\\\

\\\

### IV. Qualified Immunity

The doctrine of qualified immunity shields government officials from suit "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). A state official enjoys qualified immunity to suit under section 1983 unless the official violated a constitutional right of the plaintiff that was clearly established when the violation occurred. *Pearson v. Callahan*, 555 U.S. 223, 232 (2009). The district court has discretion to address either question first, whether the defendants violated a constitutional right or whether the right was clearly established. *Pearson*, 555 U.S. at 236. Here, because I find that defendants violated no constitutional right, I need not determine whether any such right was clearly established.

Previously, I found that French had failed to carry his burden of demonstrating a genuine issue of material fact as to whether any defendant violated his constitutional rights under the Eighth or Fourteenth Amendments. Defendants are therefore entitled to qualified immunity.

### CONCLUSION

Defendants' motion for summary judgment (# 60) is GRANTED and French's action is dismissed with prejudice. The claims for which French failed to exhaust administrative remedies are dismissed without prejudice pursuant to Fed. R. Civ. P. 12(b).

IT IS SO ORDERED.

DATED this 21st day of April, 2014.

Robert E. Jones
United States District Judge